UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KIM RAGLAND, | : | |
| | : | |
| Petitioner, | : | Civ. No. 15-6542 (RBK) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| ROBERT CHETIRAIN, et al., | : | |
| | : | |
| Respondents. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Petitioner is a state prisoner currently incarcerated at the Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the habeas petition will be summarily dismissed as time-barred.

## II.     BACKGROUND

Petitioner pled guilty in the New Jersey Superior Court, Cape May County to third-degree burglary. He was sentenced on April 14, 2013 to five years of imprisonment with a thirty-month parole bar. Petitioner did not file a direct appeal nor did he file a post-conviction relief petition.

On August 23, 2015, petitioner filed his federal habeas petition in this Court pursuant to the prisoner mailbox rule as that is the date on his cover page that accompanies his habeas petition. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it

will look to the signed and dated certification of the petition."). Petitioner argues in his habeas petition that the trial court erred by sentencing him beyond the sentencing guidelines when it sentenced him as a persistent felony offender which violated *Apprendi v. New Jersey*, 520 U.S. 466 (2000).

On September 16, 2015, this Court issued an order to show cause on petitioner. Petitioner was ordered to show cause why his habeas petition should not be summarily dismissed as being barred by the applicable statute of limitations. Petitioner was given thirty days in which to respond to the order to show case. Petitioner did not respond to the order to show cause.

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year time limit for a prisoner to bring a Section 2254 habeas challenge to his state conviction and sentence. *See* 28 U.S.C. § 2244(d)(1). That one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As petitioner did not file a direct appeal, the April 14, 2013 judgment became final forty-five days thereafter, or on May 29, 2013. *See* N.J. Ct. R. 2:4-1. Petitioner had until May 29, 2014 in which to file his federal habeas petition. However, petitioner did not file his federal habeas petition until August, 2015, more than a year after his statute of limitations period expired. Furthermore, petitioner has presented no argument that he is entitled to equitable tolling despite being given the opportunity to do so. Therefore, his August, 2015 habeas petition is untimely.

## V.   CERTIFICATE OF APPEALABILTY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, this Court finds that a certificate of appealability shall not issue in this case.

## VI.   CONCLUSION

For the foregoing reasons, the habeas petition is summarily dismissed as it is untimely and a certificate of appealability shall not issue. An appropriate Order will be entered.


DATED:   October 29, 2015

                s/Robert B. Kugler
                ROBERT B. KUGLER
                United States District Judge